**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


BARBARA A. HARVEY,

       Plaintiff,

v.                                                                    CASE NO.  4:04cv155-RH/WCS

CENTRAL LOCATING SERVICE, LTD.,
CORPORATION,

       Defendant.

_____/


### ORDER MODIFYING AWARD OF COSTS


Defendant prevailed in this action by summary judgment and filed a bill of

costs three days later.  Plaintiff filed no objections to the bill of costs.  The clerk

taxed costs, disallowing defendant's claim for a computer disk of deposition

transcripts but allowing the remaining claims.

Plaintiff now has moved to strike the award of costs in its entirety or

alternatively to disallow certain claims.

The basis on which plaintiff seeks to strike the award in its entirety is that

defendant made the claim for costs by a document entitled a "bill of costs" without

filing a document entitled a "motion" to tax costs.  As plaintiff notes, this court's

Local Rule 54.2 refers to a "motion" to tax costs," and parties have sometimes filed

claims for costs by "motion."  But the title of the document by which costs are

claimed makes no difference.  Costs may properly be taxed on a "bill of costs," as

was done here.  Indeed, a "bill of costs" *is* a motion to tax costs; seeking an award

of costs is the one and only purpose of the "bill of costs."  The clerk's award of

costs will not be struck.

The award will, however, be reduced in response to plaintiff's attack on two

specific components of the award.[1]  First, defendant paid a process server from

over 200 miles away to serve subpoenas for deposition on a rush basis.  The fee

was $80 per witness for a total of $560.  But subpoenas may be served by any non-

party adult, and defendant has made no showing that there was a need for service

on an expedited basis.  This portion of defendant's claim will be disallowed.[2]

Second, defendant has claimed an expedited per page rate for deposition

---

[1] Plaintiff should have raised these issues in response to the bill of costs, prior to taxation by the clerk.  Nonetheless, plaintiff filed a timely motion for review of the clerk's award and asserts she did not respond earlier because defendant filed no "motion" to tax costs.  I conclude, as a matter of discretion, that the cost award should be reviewed on its merits.

[2] Private service fees may be taxed but may not exceed the fee that would be charged by the United States Marshals Service.  *See U.S. EEOC v. W & O Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).  The Marshals Service fee is $45 per hour plus expenses.  This apparently would have been less than the $80 claimed by defendant.  It is true, of course, that service of deposition subpoenas by the Marshals Service is not ordinarily available, but this does not authorize taxing a higher fee for private service.  More importantly, defendant has made no showing here that even a fee of $45 per subpoena for private service would have been reasonable.

transcripts.  Defendant has not, however, shown good cause for expediting. The per

page rate for 264 pages will be reduced from $4.75 to $3.30,[3] and the per page rate

for 97 pages[4] will be reduced from $5.80 to $3.30, resulting in a total reduction of

$625.30.[5]

The effect of these rulings is to reduce the clerk's award of costs from

$4,729.27 (as originally entered) to $3,543.97.  Accordingly,

IT IS ORDERED:

Plaintiff's motion to strike or reduce the clerk's award of costs is

GRANTED IN PART and DENIED IN PART.  The cost award is reduced to

---

[3] The rate of $3.30 matches the charge authorized for federal court reporters. This is a reasonable rate in this community.  A lower rate is not ordinarily available, and defendant has provided no support for a higher rate.

[4] This is the combined total for two depositions of 47 and 50 pages, respectively.

[5] Plaintiff also asserts some deposition transcripts should be disallowed in their entirety for failure to show that the transcripts were in fact used.  The governing statute requires that transcripts be "necessarily obtained *for* use in the case," 28 U.S.C. §1920 (emphasis added), not that they actually be used.  *See, e.g., Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999) ("It is not required that a deposition actually be introduced in evidence for it to be necessary for a case—as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs."); *Murphy v. City of Flagler Beach*, 761 F.2d 622, 631 (11th Cir. 1985).  I find that the transcripts at issue here were necessarily obtained for use in the case.

$3,543.97.  The clerk shall enter an amended judgment for costs providing that

defendant shall recover from plaintiff the sum of $3,543.97.

SO ORDERED this 13th day of June, 2005.

s/Robert L. Hinkle
Chief United States District Judge